IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ALABAMA

SOUTHERN DIVISION

BOBBY ZEIGLER,

  Plaintiff,

v.                     Civil Action No.: _26-CV-203-MD-MU_

STATE FARM MUTUAL AUTOMOBILE

INSURANCE COMPANY; GALLAGHER

BASSETT SERVICES, INC.; WEBBER

INFRASTRUCTURE MANAGEMENT, INC.;

ANTHONY LEEPER; MARK ALDERTON;

AND FICTITIOUS DEFENDANTS A-Z,

  Defendants.

RECEIVED - USDC ALSD
JUN 5 '26 AM 11:10

---

**PLAINTIFF'S ~~FIRST AMENDED~~ COMPLAINT**

**FOR BAD FAITH, BREACH OF CONTRACT,**

**FRAUD, AND WANTONNESS**

**JURY TRIAL DEMANDED**

---

## I. PARTIES

**1.** Plaintiff Bobby Zeigler is an adult citizen of the State of Alabama, currently residing at 739 Hutchinson Ferry Road, Quincy, Florida 32352. Plaintiff holds an Alabama driver's license and carries Alabama automobile insurance.

**2.** Defendant State Farm Mutual Automobile Insurance Company ("State Farm") is an insurance company incorporated in Illinois with its principal place of business in Bloomington, Illinois. State Farm is licensed to do business in the State of Alabama and may be served through its registered agent, CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, Alabama 36104.

**3.** Defendant Gallagher Bassett Services, Inc. ("Gallagher Bassett") is a third-party claims administrator incorporated in Illinois, with its principal place of business at Two Pierce Place, Itasca, Illinois 60143, and may be served at that address.

**4.** Defendant Webber Infrastructure Management, Inc. ("Webber") is a corporation incorporated in Texas, with its registered agent in Alabama being CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, Alabama 36104.

**5.** Defendant Anthony Leeper is an individual employed as Claims Team Manager for State Farm Mutual Automobile Insurance Company, and may be served at c/o State Farm Claims Department, PO Box 2320, Bloomington, Illinois 61702.

**6.** Defendant Mark Alderton is an individual employed by or associated with State Farm Mutual Automobile Insurance Company, and may be served at c/o State Farm Claims Department, PO Box 106170, Atlanta, Georgia 30348.

**7.** Fictitious Defendants A through Z are those individuals or entities whose identities are currently unknown to Plaintiff but who participated in the wrongful conduct alleged herein. Plaintiff will amend this Complaint to substitute the true names of fictitious defendants when their identities become known.

## II. JURISDICTION AND VENUE

**8.** This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), as Plaintiff asserts claims under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–1968 ("Civil RICO").

**9.** This Court also has diversity jurisdiction pursuant to 28 U.S.C. § 1332, as Plaintiff is a citizen of Alabama, all Defendants are citizens of states other than Alabama, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**10.** Venue is proper in the Southern District of Alabama pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this claim occurred within this district, and the insurance contract at issue was issued to an Alabama citizen.

## III. FACTUAL ALLEGATIONS

**11.** On June 20, 2024, at approximately 11:15 AM, Plaintiff was operating his 2014 Cadillac CTS eastbound on Interstate 10 near Mile Marker 136, in the vicinity of Marianna, Jackson County, Florida.

**12.** At that time and place, a mowing crew employed by or associated with Defendant Webber Infrastructure Management, Inc. was operating commercial mowing equipment in the median of Interstate 10. The mowing equipment ran over a shredded semi-truck tire, launching the debris violently into Plaintiff's vehicle, striking the windshield and causing the vehicle to sustain significant damage.

**13.** The Florida Highway Patrol Computer Aided Dispatch (CAD) Record, Report No. FHP240N0309158, confirms this incident. The official dispatch notes state: "PER THE COMPL A MOWING COMPANY RAN OVER SHREDDED SEMI TIRE AND CAUSED IT TO HIT COMPL'S VEH." The call was received at 11:15:33 AM and closed at 11:26:16 AM on June 20, 2024.

**14.** As a direct and proximate result of this incident, Plaintiff sustained serious and permanent bodily injuries, including Traumatic Brain Injury (TBI) and permanent spinal injury, as documented by multiple treating physicians and confirmed by MRI imaging studies and neuropsychological testing.

**15.** At the time of the accident, Plaintiff was insured under State Farm Mutual Automobile Insurance Company Policy No. 590 8082-D04-01A, with a policy period of April 4, 2024 through October 4, 2024, which included Medical Payments Coverage ("MPC") of $5,000.00 and Uninsured/Underinsured Motorist ("UM/UIM") coverage of $100,000/$300,000.

16.  Plaintiff filed a claim with State Farm on June 21, 2024, under Claim No. 01-69P3-44Z.

17.  State Farm assigned the third-party liability portion of the claim to Defendant Gallagher Bassett Services, Inc., the claims administrator for Webber Infrastructure Management, Inc., insured by Starr Indemnity & Liability Company with coverage of $2,000,000 per occurrence, as confirmed by Starr Indemnity's disclosure dated July 23, 2024.

18.  Defendant Gallagher Bassett, through Senior Resolution Manager Linda Cody, created documentation falsely reflecting that the "First Notice of Loss" was received in March 2024 — three months before the accident occurred on June 20, 2024. This fabricated pre-accident date constitutes documentary fraud.

19.  State Farm processed Plaintiff's medical bills by applying the Florida No-Fault Act and 2007 Medicare Part B fee schedule to an Alabama insurance policy — a jurisdiction that operates under a fault-based system and does not apply Florida No-Fault law. As a direct result, a verified medical bill of $3,661.50 submitted by Medicus Spine & Joint was reduced to a payment of $2.77, representing a payment of approximately 0.07% of the actual bill.

20.  State Farm denied Plaintiff's UM claim on February 26, 2025, then subsequently demanded Plaintiff submit to an Examination Under Oath (EUO) — a procedure that has no legitimate investigative purpose after a claim has already been denied.

**21.** Plaintiff submitted a complete, notarized five-page EUO statement to State Farm on April 30, 2025, signed before Notary Public Robin Cox Nelson, Alabama Notary Public, Commission Expiring 5/10/2026.

**22.** On May 29, 2025, Defendant Anthony Leeper, in his capacity as Claims Team Manager for State Farm, falsely represented to the Alabama Department of Insurance that no EUO had been received from Plaintiff, despite Plaintiff's documented submission on April 30, 2025.

**23.** Plaintiff filed Complaint No. 163527 with the Alabama Department of Insurance ("ALDOI"), which was investigated by ALDOI Investigator Deon Sturgeon. In response to the ALDOI inquiry, Defendant Anthony Leeper signed and submitted a response on June 5, 2025, confirming his role as Claims Team Manager at State Farm.

**24.** As a result of Defendants' conduct, Plaintiff has incurred unpaid medical bills in excess of $31,000.00, medical liens of $24,700.00, and has suffered ongoing physical injury, financial devastation, and severe emotional distress.

## IV. CAUSES OF ACTION

### COUNT I — BAD FAITH (Against State Farm, Leeper, and Alderton)

**25.** Plaintiff re-alleges and incorporates paragraphs 1 through 24 as if fully set forth herein.

26. Under Alabama law, as established in Chavers v. National Security Fire & Casualty Co., 405 So.2d 1 (Ala. 1981), an insurer owes its insured a duty of good faith and fair dealing in the handling of insurance claims.

27. Defendants State Farm, Leeper, and Alderton breached this duty by: (a) applying Florida law to an Alabama policy; (b) reducing a $3,661.50 medical bill to $2.77; (c) denying the claim and then demanding a post-denial EUO; (d) falsely representing to the ALDOI that no EUO had been received; and (e) fabricating a pre-accident First Notice of Loss date.

28. As a direct and proximate result of Defendants' bad faith, Plaintiff has suffered actual damages including unpaid medical bills, lost wages, physical pain, permanent injury, and emotional distress.

## COUNT II — BREACH OF CONTRACT (Against State Farm)

29. Plaintiff re-alleges and incorporates paragraphs 1 through 28 as if fully set forth herein.

30. Plaintiff and State Farm entered into a valid insurance contract, Policy No. 590 8082-D04-01A, which obligated State Farm to pay covered medical expenses and UM/UIM benefits to Plaintiff.

31. State Farm breached this contract by: (a) applying inapplicable Florida fee schedules to reduce medical payments; (b) failing to properly evaluate and pay UM/UIM benefits; and (c) wrongfully denying Plaintiff's claim.

32. Plaintiff has been damaged by State Farm's breach in an amount to be proven at trial.

## COUNT III — FRAUD AND MISREPRESENTATION (Against All Defendants)

33. Plaintiff re-alleges and incorporates paragraphs 1 through 32 as if fully set forth herein.

34. Defendants knowingly made false representations of material fact, including: (a) Gallagher Bassett's fabrication of a pre-accident First Notice of Loss date; (b) State Farm's false representation that no EUO had been received; and (c) Webber's denial of any involvement in the incident, contrary to the official FHP CAD record.

35. Plaintiff relied upon Defendants' representations and was damaged as a result.

## COUNT IV — CIVIL RICO (Against State Farm and Gallagher Bassett)

36. Plaintiff re-alleges and incorporates paragraphs 1 through 35 as if fully set forth herein.

37. Defendants State Farm and Gallagher Bassett constitute an enterprise within the meaning of 18 U.S.C. § 1961(4), engaged in a pattern of racketeering activity including mail fraud and wire fraud in violation of 18 U.S.C. §§ 1341 and 1343.

**38.** The pattern of racketeering activity includes: fabricating claim documentation with impossible dates; making false representations through interstate mail and wire communications; systematically applying inapplicable fee schedules to deny legitimate claims; and making false representations to a state regulatory agency.

**39.** Pursuant to 18 U.S.C. § 1964(c), Plaintiff is entitled to treble damages, attorneys' fees, and costs.

## COUNT V — WANTONNESS (Against All Defendants)

**40.** Plaintiff re-alleges and incorporates paragraphs 1 through 39 as if fully set forth herein.

**41.** Defendants' conduct as described herein was wanton, reckless, and in conscious disregard of Plaintiff's rights, health, and financial wellbeing, entitling Plaintiff to punitive damages under Alabama law.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Bobby Zeigler respectfully requests that this Court enter judgment in his favor and against all Defendants, and award the following relief:

a. Compensatory damages of $1,062,669.00;
b. Bad faith penalty damages of $500,000.00;
c. Punitive damages of $1,500,000.00 (Alabama statutory cap);
d. Civil RICO treble damages of $3,187,500.00 pursuant to 18 U.S.C. § 1964(c);

e. Total damages of $6,250,169.00;

f. Attorney's fees and costs of litigation;

g. A jury trial on all issues so triable; and

h. Such other and further relief as this Court deems just and proper.

Respectfully submitted this __5__ day of __June__, 2026.

BOBBY ZEIGLER

Plaintiff, Pro Se

739 Hutchinson Ferry Road

Quincy, Florida 32352

Telephone: (850) 728-6753

Email: binot9192@aol.com