**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| BOBBY ZEIGLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIV. A. NO. 26-0203-KD-MU |
| | ) | |
| STATE FARM MUTUAL AUTOMOBILE | ) | |
| INSURANCE COMPANY, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This action is before the Court on Plaintiff's Amended Complaint (Doc. 7) and

Motion to Proceed Without Prepayment of Fees (Doc. 6). The motion and the amended

complaint have been referred to the undersigned Magistrate Judge for pretrial

disposition pursuant to 28 U.S.C. § 636(b)(3) and Local Rule 72.2(c)(1).

Authority for granting Plaintiff permission to proceed without prepayment of fees

and costs is found at 28 U.S.C. § 1915:

> (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1); *see Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002)

(affirming the application of § 1915's provisions to a non-prisoner's complaint). "The *in*

*forma pauperis* statute, 28 U.S.C. § 1915, ensures that indigent persons will have equal

access to the judicial system." *Attwood v. Singletary*, 105 F.3d 610, 612-613 (11th Cir.

1997) (citing *Coppedge v. United States*, 369 U.S. 438, 446 (1962)). The opportunity to proceed as an indigent in civil cases, created by statute, is not considered a right but a privilege, *Rivera v. Allin*, 144 F.3d 719, 724 (11th Cir.), *cert. dismissed*, 524 U.S. 978 (1998), and "should not be a broad highway into the federal courts[,]" *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). Thus, "a trial court has broad discretion in denying an application to proceed *in forma pauperis* under 28 U.S.C.A. § 1915, [but] must not act arbitrarily and it may not deny the application on erroneous grounds." *Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983) (citing *Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1244 (5th Cir. 1975)); *see also Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 & 1306-07 (11th Cir. 2004) ("[A] trial court has wide discretion in denying an application to proceed IFP under 28 U.S.C. § 1915.... However, in denying such applications a court must not act arbitrarily. Nor may it deny the application on erroneous grounds.").

To authorize a litigant to proceed *in forma pauperis*, the court must first determine whether the litigant is unable to pay the costs of commencing the action. *See Boubonis v. Chater*, 957 F. Supp. 1071, 1072 (E.D. Wis. 1997) (citing 28 U.S.C. § 1915(a) & (e)(2)(B)(i)). "While one need not be absolutely destitute to qualify for *in forma pauperis* status, such benefit is allowed only when a movant cannot give such costs and remain able to provide for herself and her dependents." *Mitchell v. Champs Sports*, 42 F. Supp. 2d 642, 648 (E.D. Tex. 1998) (citations omitted). In *Martinez, supra*, the Eleventh Circuit determined that affidavit statements satisfying the requirement of poverty should be accepted by the trial court "absent a serious misrepresentation, and need not show that the litigant is 'absolutely destitute' to qualify for indigent status under

2

§ 1915." 364 F.3d at 1307 (citation omitted); *see also id*. ("Such an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents.").

Plaintiff's motion states that he receives approximately $3,750 per month in long term disability payments. (Doc. 6, PageID. 740). In addition to himself, he has two dependent children for whom he contributes $200 to $300 per month when able. (*Id.* at 738). The motion states that he is does not currently have a home of his own, but moves from "house to house among family," and has a 2008 Cadillac CTS with nominal value due to needing repairs. (*Id.* at 739-40). He reports no other assets and a negative bank balance. (*Id.*). He avers that "his disability income is consumed by medical and other obligations to survive day to day tasks" and that he "cannot pay the filing fee without going without basic necessities." (*Id.* at 740). Based upon the foregoing, the Court finds that Plaintiff is unable to pay the costs of commencing this action, and therefore, Plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 6) is hereby **GRANTED**.

Having concluded that Plaintiff in entitled to proceed without prepayment of the filing fee, prior to serving the complaint, the Court must determine whether the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A review of Plaintiff's amended complaint reveals that he is asserting claims against his uninsured motorist's insurance carrier, its third-party claims administrator, several of its claim representatives, and the operator of the heavy commercial

3

equipment involved in the underlying collision for breach of contract, bad faith, fraud, wantonness, and civil conspiracy. (Doc. 7). It does not appear to the Court, based upon the allegations contained in the complaint, that the action is frivolous or malicious or that Plaintiff seeks monetary relief against a defendant who is immune from such relief. In addition, the Court, being mindful of the well-established rule that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), finds that the complaint does meet the pleading requirements to state a claim upon which relief may be granted against at least one defendant. In evaluating Plaintiff's amended complaint in this case, the Court must also accept Plaintiff's factual allegations as true and must consider them in the light most favorable to Plaintiff in determining whether he has properly stated a claim in this action. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)*; Mitchell v. Farcass,* 112 F.3d 1483, 1490 (11th Cir. 1997).

The Clerk, in accordance with 28 U.S.C. § 1915(d), Rule 4 of the Federal Rules of Civil Procedure, and the Court's standing order dated February 1, 1994, is **DIRECTED** to serve a copy of the summons and complaint and this Order, by certified mail, on the following:

> State Farm Mutual Automobile Insurance Company
> c/o Corporation Service Company, Inc.
> 641 South Lawrence Street
> Mongomery, AL 36104
>
> Gallagher Bassett Services, Inc.
> c/o CT Corporation System
> 2 North Jackson Street, Suite 605
> Montgomery, AL 36104

4

Webber Infrastructure Management, Inc.
 c/o CT Corporation System
1999 Bryan Street, Suite 900
Dallas, TX 75201-3136

Anthony Leeper
c/o State Farm Claims Department
P.O. Box 106170
Atlanta, GA 30348

Mark Alderton
c/o State Farm Claims Department
P.O. Box 106170
Atlanta, GA 30348

**DONE** and **ORDERED** this **29th** day of **June, 2026**.

/s/ P. Bradley Murray
**P. BRADLEY MURRAY**
**UNITED STATES MAGISTRATE JUDGE**