**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **BOBBY ZEIGLER,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 26-00203-KD-MU** |
| | ) | |
| **STATE FARM MUTUAL AUTOMOBILE** | ) | |
| **INSURANCE COMPANY, et al.,** | ) | |
| **Defendants.** | ) | |

# ORDER

This action is before the Court on the Motion for Leave to File Second Amended Complaint, (Doc. 21), filed by Plaintiff Bobby Zeigler ("Zeigler"). Upon consideration, and for the reasons below, the motion is **GRANTED**.

## I. Background

Zeigler moves for leave to file a second amended complaint under Federal Rule of Civil Procedure 15(a)(2). After the motion was filed, the Court ordered Defendants State Farm Mutual Automobile Insurance Company ("State Farm"); Gallagher Bassett Services, Inc. ("Gallagher"); and Webber Infrastructure Management, Inc. ("Webber") to respond to the motion. State Farm filed a timely response indicating that it does not oppose the motion for leave to amend. (Doc. 30). Neither Gallagher nor Webber filed a timely response. Gallagher filed a motion to suspend its deadline to file a responsive pleading, but nowhere in that motion does Gallagher express a position on the motion for leave to amend. (Doc. 29).

## II. Law

Rule 15(a)(2) allows a party to amend its pleadings with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Id. Under this standard, courts should "liberally grant leave to amend when

'the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief.'" In re Engle Cases, 767 F.3d 1082, 1108 (11th Cir. 2014) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). "Nevertheless, a motion for leave to amend may appropriately be denied '(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile.'" Id. at 1108–09 (quoting Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001)). The district court has discretion when determining whether to grant or deny a motion for leave to amend. See, e.g., Foman, 371 U.S. at 182.

Civil Local Rule 15 provides: "Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended and may not incorporate any prior pleading by reference." S.D. Ala. CivLR 15(a). It also provides: "A motion to amend a pleading must state specifically what changes are sought by the proposed amendments. The proposed amended pleading must be filed as an attachment to the motion to amend." S.D. Ala. CivLR 15(b).

**III. Analysis**

The Court is satisfied that the motion should be granted under Rule 15(a)(2). To start, Zeigler's motion for leave to amend complies with the local rules and the federal rules. Zeigler's motion states specifically what changes are sought by the proposed amendment, and the proposed amended pleading is attached to the motion. (Doc. 21). And Zeigler's motion contains a discussion on the standard for granting leave to amend. Zeigler argues that amendment is not futile, that no party will be prejudiced by the amendment, and that granting the motion will promote the efficient resolution of this action. Moreover, none of the defendants who have appeared have raised any

argument in opposition.[1] Therefore, the motion for leave to file a second amended complaint is **GRANTED**.

**IV. Conclusion**

Zeigler moves for leave to file a second amended complaint. Zeigler's motion provides sufficient grounds for granting the motion. None of the defendants oppose the motion. Thus, it is **ORDERED** as follows:

- The motion for leave to file a second amended complaint, (Doc. 21), is **GRANTED**.
- For the sake of efficiency, the Clerk is **DIRECTED** to file the proposed Second Amended Complaint, (Doc. 21-1), as a new docket entry titled "Second Amended Complaint."
- The defendants shall respond to the Second Amended Complaint **on or before September 2, 2026**.[2]

**DONE** and **ORDERED** this **19th** day of **August 2026.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

[1] The Court ordered a response from the defendants that have appeared to obtain their written consent or elicit their reasons for opposing the motion. State Farm expressly indicated that it does not oppose the motion. Gallagher and Webber failed to respond to the motion. Therefore, there is no opposition to the motion in the record.

[2] Gallagher's motion to suspend the deadline to file a responsive pleading, (Doc. 29), is **MOOT**.